**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| JESSICA DAWN PIDGEON, | § § § | |
| Plaintiff | § § | |
| v. | § § | Case No. 4:26-cv-00328-O |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | § § § § | |
| Defendant. | § § | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

("Defendant" or "Prudential"), by and through its attorneys, Seyfarth Shaw LLP, hereby submits

the following Answer and Affirmative and Additional Defenses to Plaintiff's Complaint as

follows:

### PRELIMINARY STATEMENT

### COMPLAINT ¶1:

Plaintiff JESSICA DAWN PIDGEON, hereinafter referred to as "Plaintiff," brings this ERISA action against the Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA Group Welfare Benefits Plan, in its capacity as Administrator of the CHS/COMMUNITY HEALTH SYSTEMS, INC. (CHS/COMMUNITY) Long Term Disability Plan, hereinafter referred to as "Defendant." Plaintiff brings this action to secure all disability benefits, whether they be described as short-term, long-term and/or waiver of premium claims to which Plaintiff is entitled under a disability insurance policy underwritten and administered by Defendant. Plaintiff is covered under the policy by virtue of her employment with CHS/COMMUNITY.

### ANSWER:

Prudential admits that Plaintiff purports to bring this lawsuit under the Employee

Retirement Income Security Act ("ERISA"). Prudential admits that, at certain times, Plaintiff

was an employee of CHS/Community Health Systems, Inc. ("CHS"), and that, at certain times,

through her employment with CHS, Plaintiff was eligible to participate in the CHS/Community Health Systems, Inc. Welfare Benefit Plan (the "Plan"), an employee welfare benefit plan as defined in The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). Prudential admits that it entered into Group Contract G-52903-TN with CHS to insure certain long-term disability ("LTD") benefits under the Plan and to perform certain administrative functions with respect to certain LTD claims under the Plan. Prudential denies the remaining allegations in Complaint Paragraph No. 1, and specifically denies that Plaintiff is entitled to any recovery whatsoever, that Prudential violated any provision of the Plan or ERISA, and that Prudential is otherwise liable to Plaintiff.

**PARTIES**

**COMPLAINT ¶2:**

Plaintiff is a citizen and resident of Azle, Texas.

**ANSWER:**

Upon information and belief, Prudential admits the allegations in Complaint Paragraph No. 2.

**COMPLAINT ¶3:**

Defendant is a properly organized business entity doing business in the State of Texas.

**ANSWER:**

Prudential lacks knowledge or information sufficient to form a belief regarding what Plaintiff means by "properly organized." Prudential admits that it is a New Jersey corporation authorized to do business in the state of Texas. Prudential denies the remaining allegations in Complaint Paragraph No. 3.

**COMPLAINT ¶4:**

The disability plan at issue in the case at bar was funded and administered by Defendant.

**ANSWER:**

Prudential admits that it insures certain LTD benefits under the Plan and performs certain

administrative functions with respect to certain LTD claims brought under the Plan. Prudential

denies the remaining allegations in Complaint Paragraph No. 4.

**COMPLAINT ¶5:**

Defendant is a business entity doing business in the Northern District of Texas.
Defendant may be served with process by serving its registered agent, C T Corporation System,
1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

**ANSWER:**

Prudential admits that it is a New Jersey corporation that does business in Texas.

Prudential admits that its registered agent in Texas is CT Corporation System, 1999 Bryan Street,

Suite 900, Dallas, Texas 75201-3136, and that it may be served with process in Texas by serving

its registered agent. Prudential denies the remaining allegations in Complaint Paragraph No. 5.

## JURISDICTION AND VENUE

**COMPLAINT ¶6:**

This court has jurisdiction to hear this claim pursuant to pursuant to 29 U.S.C. § 1132(a),
(e), (f), and (g) of the Employee Retirement Security Act of 1974, 29 U.S.C. § 1101, et seq.
("ERISA") and 28 U.S.C. § 1331, as this action involves a federal question. Specifically,
Plaintiff brings this action to enforce his/her rights under section 502(a)(1)(B) of the Employee
Retirement Income Security Act, (ERISA), which provides "[a] civil action may be brought . . .
(1) by a participant or by a beneficiary . . . (B) to recover benefits due to him under the terms of
his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits
under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

**ANSWER:**

Prudential admits that Plaintiff purports to bring this lawsuit under ERISA. For purposes

of this action only, Prudential admits that this Court has jurisdiction over the subject matter of

this action. Prudential denies the remaining allegations in Complaint Paragraph No. 6, and

specifically denies that Plaintiff is entitled to any relief in this action, denies that Prudential

-3-

violated any provision of the Plan or of ERISA, and denies that Prudential is otherwise liable to

Plaintiff.

## COMPLAINT ¶7:

Venue in the Northern District of Texas is proper by virtue of Defendant doing business in the Northern District of Texas. Under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Therefore, venue may also be proper under the third prong of ERISA's venue provision, specifically "where a defendant resides or may be found." (*Id.*) "District courts within the Fifth Circuit have adopted the reasoning outlined by the Ninth Circuit in *Varsic v. United States District Court for the Central District of California*, 607 F.2d 245 (9th Cir. 1979). *See Sanders v. State Street Bank and Trust Company*, 813 F. Supp. 529, 533 (S.D. Tex. 1993). The Ninth Circuit, in *Varsic*, concluded that whether a defendant "resides or may be found" in a jurisdiction, for ERISA venue purposes, is coextensive with whether a court possesses personal jurisdiction over the defendant. *Varsic*, 607 F.2d at 248." *See Frost v. ReliOn, Inc.*, 2007 U.S. Dist. LEXIS 17646, 5-6 (N.D. Tex. Mar. 2, 2007). Under ERISA's nationwide service of process provision, a district court may exercise personal jurisdiction over the defendant if it determines that the defendant has sufficient ties to the United States. *See Bellaire General Hospital v. Blue Cross Blue Shield of Michigan*, 97 F.3d 822, 825-26 (5th Cir. 1996), citing *Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994). Here, Defendant is "found" within the Northern District of Texas, as it does business here, and the court has personal jurisdiction over Defendant, as it has sufficient ties to the United States.

## ANSWER:

For purposes of this action only, Prudential admits that it is not contesting venue.

Prudential denies the remaining allegations in Complaint Paragraph No. 7, and specifically

denies that Plaintiff is entitled to any relief in this action.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

## COMPLAINT ¶8:

At all relevant times, Plaintiff has been a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. § 1002(7), in the Long-Term Disability Plan Policy No. G-52903-TN.

## ANSWER:

Prudential lacks knowledge or information sufficient to form a belief regarding what

Plaintiff means by "all relevant times." Prudential admits that, at certain times, Plaintiff was

eligible to participate in the Plan. Prudential denies the remaining allegations in Complaint

Paragraph No. 8.

**COMPLAINT ¶9:**

Plaintiff obtained the disability policy at issue by virtue of Plaintiff's employment with CHS/COMMUNITY, with coverage beginning on January 1, 2018.

**ANSWER:**

Prudential admits that, through her employment with CHS, Plaintiff was, at certain times,

eligible to participate in the Plan. Prudential denies the remaining allegations in Complaint

Paragraph No. 9.

**COMPLAINT ¶10:**

Said policy became effective January 1, 2018.

**ANSWER:**

Prudential admits that that it issued a group LTD insurance policy pursuant to Group

Contract G-52903-TN with a program date of January 1, 2018. Prudential denies the remaining

allegations in Complaint Paragraph No. 10.

**COMPLAINT ¶11:**

At all relevant times, Defendant has been the claims administrator of the disability policy within the meaning of Section 3(16)(A) of ERISA, 29 U.S.C. § 1002(16)(A).

**ANSWER:**

Prudential lacks knowledge or information sufficient to form a belief regarding what

Plaintiff means by "all relevant times." Prudential admits that, at certain times, it performed

certain administrative functions with respect to certain LTD claims brought under the Plan.

Prudential denies the remaining allegations in Complaint Paragraph No. 11.

**COMPLAINT ¶12:**

At all relevant times, Defendant has been a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

-5-

**ANSWER:**

Prudential lacks knowledge or information sufficient to form a belief regarding what Plaintiff means by "all relevant times." Prudential admits that it has certain obligations with respect to the administration of certain LTD claims under the Plan. Prudential denies the remaining allegations in Complaint Paragraph No. 12.

**COMPLAINT ¶13:**

Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

**ANSWER:**

Prudential admits that it has certain obligations with respect to the administration of certain LTD claims under the Plan. Prudential further admits that in performing its duties it had sole and exclusive discretion to interpret the terms of the Plan, make factual findings, and determine eligibility for benefits. Prudential denies the remaining allegations in Complaint Paragraph No. 13, including, but not limited to, any assertion that it breached a fiduciary duty or is otherwise liable to Plaintiff.

**COMPLAINT ¶14:**

Finally, under its fiduciary duty, Defendant is required to take active steps to reduce bias ensure and ensure claims are conducted in a manner that is consistent with the interests of the claimant's.

**ANSWER:**

Prudential admits that it has certain obligations with respect to the administration of certain LTD claims under the Plan. Prudential further admits that in performing its duties it had sole and exclusive discretion to interpret the terms of the Plan, make factual findings, and determine eligibility for benefits. Prudential denies the remaining allegations in Complaint

325480557v.4

Paragraph No. 14, including, but not limited to, any assertion that it breached a fiduciary duty or

is otherwise liable to Plaintiff.

**COMPLAINT ¶15:**

Disability benefits under the Plan have been insured in accordance and pursuant to Policy No. G-52903-TN issued by Defendant.

**ANSWER:**

Prudential admits that it issued Group Contract G-52903-TN in connection with the Plan.

Prudential denies the remaining allegations in Complaint Paragraph No. 15.

**COMPLAINT ¶16:**

Under the terms of the policy, Defendant administered the Plan and retained the sole authority to grant or deny benefits to applicants.

**ANSWER:**

Prudential admits that, pursuant to the terms of the Plan, it had the sole discretion to

interpret the terms of the Plan, make factual findings, and determine eligibility for benefits.

Prudential denies the remaining allegations in Complaint Paragraph No. 16.

**COMPLAINT ¶17:**

Because the Defendant both funds the Plan benefits and retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 17.

**COMPLAINT ¶18:**

Because of the conflict of interest described above, this Court should consider Defendant's decision to deny disability benefits as an important factor during its review in determining Defendant's wrongful denial of benefits.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 18.

325480557v.4

**STANDARD OF REVIEW**

**COMPLAINT ¶19:**

In order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

**ANSWER:**

Prudential admits that the Plan grants discretion to Prudential to interpret the terms of the Plan, make factual findings, and determine eligibility for benefits. Prudential further admits the appropriate standard of review in this case is the arbitrary and capricious standard of review. Prudential denies the remaining allegations in Complaint Paragraph No. 19.

**COMPLAINT ¶20:**

Except as stated in paragraph 21 below, benefit denials governed under ERISA are generally reviewed by the courts under a de novo standard of review. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 20.

**COMPLAINT ¶21:**

In order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard and not a "de novo" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

**ANSWER:**

Prudential admits that the Plan grants discretion to Prudential to interpret the terms of the Plan, make factual findings, and determine eligibility for benefits. Prudential further admits the appropriate standard of review is the arbitrary and capricious standard of review. Prudential denies the remaining allegations in Complaint Paragraph No. 21.

**COMPLAINT ¶22:**

Plaintiff contends the Plan fails to properly give Defendant discretion under the Policy.

325480557v.4

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 22.

**COMPLAINT ¶23:**

Further, when a Defendant violates the Department of Labor regulations, Defendant effectively forfeits its discretionary authority.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 23.

**COMPLAINT ¶24:**

When denying a claim for benefits, a plan's failure to comply with the Department of Labor's claims-procedure regulation, 29 C.F.R. § 2560.503–1, will result in that claim being reviewed de novo in federal court, unless the plan has otherwise established procedures in full conformity with the regulation and can show that its failure to comply with the claims-procedure regulation in the processing of a particular claim was inadvertent and harmless. *Halo v. Yale Health Plan, Dir. Of Benefits & Records Yale Univ.*, 819 F. 3d 42 (2nd Cir. 2016). *See also Fessenden v. Reliance Standard Life Ins. Co.*, 927 F.3d 998, 1001-02 (7th Cir. 2019) and *Slane v. Reliance Stand. Life Ins. Co.*, CV 20-3250, 2021 WL 1401761 (E.D. La. Apr. 14, 2021).

**ANSWER:**

The statements in Complaint Paragraph No. 24 are legal arguments to which no response

is required. To the extent an answer is required, Prudential denies the allegations in Complaint

Paragraph No. 24.

**COMPLAINT ¶25:**

Defendant committed the following violations demonstrating its failure to furnish a full and fair review:

i. Inadequate notice of reasons for denial. 29 C.F.R. § 2560.503-1(g)(1)(i);
ii. Inadequate notice of the information needed to perfect Plaintiff's appeal. 29 C.F.R. § 2560.503-1(g)(1)(iii);
iii. Failure to follow Defendant's own claims procedures 29 C.F.R. § 2560.503-1(b);
iv. Failure to adopt guidelines to ensure that similarly situated claims are administered correctly and consistently. 29 C.F.R. § 2560.503-1(b)(5);
v. Failure to administrative Plaintiff's claim consistently 29 C.F.R. § 2560.503-1(b)(5);
vi. Failure to provide requested relevant documents timely. 29 C.F.R. § 2560.503-1(h)(2)(iii);

325480557v.4

vii.   Failure to describe the guidelines and protocols relied upon. 29 C.F.R. § 2560.503-1(g)(1)(v) and 29 C.F.R. § 2560.503-1(j)(5);

viii.  Failure to obtain the review of appropriate medical professional. 29 C.F.R. § 2560.503-1(h)(3)(iii);

ix.    Failure to obtain an appeal review of a different non-subordinate medical professional. 29 C.F.R. § 2560.503-1(h)(3)(v);

x.     Failure to obtain an appeal review that does not defer to the prior determination. 29 C.F.R. § 2560.503-1(h)(3)(iii);

xi.    Failure to obtain an appeal review that is conducted by a different non-subordinate individual. 29 C.F.R. § 2560.503-1(h)(3)(iii);

xii.   Failure to give a claimant an opportunity to review and refute the report of a reviewing physician obtained during the appeal review. 29 C.F.R. § 2560.503-1(h)(4);

xiii.  Failure to take into account all comments, documents, records, and other information submitted to the claimant or by the claimant relating to the claim. 29 C.F.R. § 2560.503-1(h)(2)(iv).

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 25.

**COMPLAINT ¶26:**

Defendant's violations of the regulations were not inadvertent or harmless.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 26.

**COMPLAINT ¶27:**

Plaintiff contends that because Defendant failed to furnish a full and fair review, Defendant has relinquished its discretionary authority under the Plan.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 27.

**COMPLAINT ¶28:**

Further, Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

**ANSWER:**

Prudential admits that it has certain obligations with respect to the administration of

certain insured claims under the Plan. Prudential further admits that in performing its duties it

-10-

325480557v.4

had sole and exclusive discretion to interpret the terms of the Plan, make factual findings, and

determine eligibility for benefits. Prudential denies the remaining allegations in Complaint

Paragraph No. 28, including, but not limited to, any assertion that it breached a fiduciary duty or

is otherwise liable to Plaintiff.

**COMPLAINT ¶29:**

In Texas, for disability insurance policies, certificates or riders offered, issued, renewed or delivered on or after February 1, 2011 said "discretionary clauses" are prohibited under 1701.062(a) Texas Insurance Code.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 29.

**COMPLAINT ¶30:**

Further, for disability insurance policies issued prior to February 1, 2011 that do not contain a renewal date, said discretionary clause prohibition applies after June 1, 2011 upon any rate increase or any change, modification or amendments on or after June 1, 2011.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 30.

**COMPLAINT ¶31:**

Plaintiff contends the Plan fails to give the Defendant said discretion as said discretionary language is prohibited under 1701.062(a) Texas Insurance Code.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 31.

**COMPLAINT ¶32:**

Pursuant to *Ariana M. v. Humana Health Plan of Texas*, 884 F.3d. 246, 249 (5th Cir. 2018), (overruling *Pierre v. Conn. Gen. Life Ins. Co.*, F2d. 1562 (5th Cir. 1991), the 5th Circuit has recently held that absent a valid grant of discretion, both the "interpretation of plan language" and "factual determinations" are to be reviewed by the court under a de novo standard. Therefore, pursuant to Ariana, the court should review this matter de novo.

-11-

**ANSWER:**

The statements in Complaint Paragraph No. 32 are legal arguments to which no response

is required. To the extent an answer is required, Prudential denies the allegations in Complaint

Paragraph No. 32.

**COMPLAINT ¶33:**

ERISA does not preempt state bans on discretionary clauses because of the "savings clause." ERISA preempts "any and all State laws insofar as they ... relate to any employee benefit plan." The "savings clause," however, preserves "any law ... which regulates insurance...". To fall within the savings clause, a state law must: Be "specifically directed toward entities engaged in insurance" and "substantially affect the risk pooling arrangement between the insurer and the insured." *Kentucky Association of Health Plans, Inc. v. Miller*, 538 U.S. 329, 342 (2003).

**ANSWER:**

The statements in Complaint Paragraph No. 33 are legal arguments to which no response

is required. To the extent an answer is required, Prudential denies the allegations in Complaint

Paragraph No. 33.

**COMPLAINT ¶34:**

Defendant's discretionary ban is therefore not preempted by ERISA and the Standard of Review for the Court in reviewing this action is de novo.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 34.

**ADMINISTRATIVE APPEAL**

**COMPLAINT ¶35:**

Plaintiff is a 44-year-old woman previously employed by CHS/COMMUNITY as a "Microbiology Supervisor."

325480557v.4

**ANSWER:**

Prudential admits that Plaintiff is a 45-year-old woman who, at certain times, was employed by CHS as a Microbiology Supervisor. Prudential denies the remaining allegations in Complaint Paragraph No. 35.

**COMPLAINT ¶36:**

Microbiology Supervisor is classified under the Dictionary of Occupational Titles as having a Light exertional level. This occupation also has an SVP of 7 and is skilled work.

**ANSWER:**

The allegations in Complaint Paragraph No. 36 refer to the contents of the Dictionary of Occupational Titles, which is a written document that speaks for itself and is the best evidence of its terms. To the extent that these allegations mischaracterize or misconstrue this document, they are denied. Prudential denies the allegations in Complaint Paragraph No. 36.

**COMPLAINT ¶37:**

This occupation was very demanding in that it required Plaintiff to be responsible for obtaining blood and/or outpatient bodily fluid samples and cultures from newborns, infants, children, adolescents, adults and geriatric (birth – 110 years) inpatients and outpatients, and Emergency Room patients; accurate performance of Laboratory technical procedure testing, both manually and with automated instrumentation on patient samples, proficiency testing samples, and Quality Control samples; was responsible for record keeping, both manually and computerized; monetarized and performance of instrument calibration and function checks; monitored laboratory supply levels; provided technical assistance for Laboratory Phlebotomist, clerks and other Technologists as needed; assisted with technical training for new Laboratory employees; and worked under the general supervision of the Director of Laboratory Services.

**ANSWER:**

Prudential lacks knowledge or information sufficient to form a belief regarding what Plaintiff means by "very demanding." The allegations in Complaint Paragraph No. 37 refer to the contents of the job description, which is a written document that speaks for itself and is the best evidence of its terms. To the extent that these allegations mischaracterize or misconstrue this document, they are denied.

**COMPLAINT ¶38:**

Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on February 7, 2022.

**ANSWER:**

Prudential admits that Plaintiff stopped working for CHS on February 7, 2022. Prudential further admits that it approved Plaintiff's claim for LTD benefits under the Plan from May 9, 2022 through May 8, 2024, based on the information then before it. Prudential denies the remaining allegations in Complaint Paragraph No. 38, and specifically denies that Plaintiff was disabled under the Plan as of May 9, 2024.

**COMPLAINT ¶39:**

Plaintiff alleges she became disabled on February 6, 2022.

**ANSWER:**

Prudential admits that Plaintiff stopped working for CHS on February 7, 2022. Prudential further admits that it approved Plaintiff's claim for LTD benefits under the Plan from May 9, 2022, through May 8, 2024, based on the information then before it. Prudential denies the remaining allegations in Complaint Paragraph No. 39, and specifically denies that Plaintiff was disabled under the Plan as of May 9, 2024.

**COMPLAINT ¶40:**

Plaintiff filed for short-term disability benefits with Defendant.

**ANSWER:**

Prudential admits that Plaintiff filed a claim for STD benefits under the Plan. Prudential denies the remaining allegations in Complaint Paragraph No. 40.

**COMPLAINT ¶41:**

Short-term disability benefits were granted.

-14-

**ANSWER:**

Prudential admits that it approved Plaintiff's claim for STD benefits under the Plan from

February 21, 2022, through May 8, 2022. Prudential denies the remaining allegations in

Complaint Paragraph No. 41.

**COMPLAINT ¶42:**

Plaintiff filed for long-term disability benefits through the Plan administered by the
Defendant.

**ANSWER:**

Prudential admits that Plaintiff filed a claim for LTD benefits under the Plan. Prudential

admits that it performs certain administrative functions with respect to certain LTD claims under

the Plan. Prudential denies the remaining allegations in Complaint Paragraph No. 42.

**COMPLAINT ¶43:**

The Plan defines "Disability" as follows:

*"Disability" means you are disabled when Prudential determines that:*

- *Due to **sickness** or **injury**, you are unable to perform the **material and substantial duties** or your **regular occupation**..., and*

- *you are under the **regular care** of a **doctor**, and*

- *you have a 20% or more loss in your **monthly earnings** due to that sickness or injury.*

*After 24 months of payments, you are disabled when Prudential determines that due the same sickness or injury:*

- *you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience,... and*

- *you are under the regular care of a doctor.*

*The loss of a professional or occupational license or certification does not, in itself, constitute disability.*

*Prudential will assess your ability to work and the extent to which you are able to work by considering the facts and opinions from:*

-15-

- *your doctors; and*

- *doctors, other medical practitioners or vocational experts of our choice.*

*When we may require you to be examined by doctors, other medical practitioners or vocational experts of our choice, Prudential will pay for these examinations. We can require examinations as often as it is reasonable to do so. We may also require you to be interviewed by an authorized Prudential Representative. Refusal to be examined or interviewed may result in denial or termination of your claim."*

**ANSWER:**

The allegations in Complaint Paragraph No. 43 refer to the contents of the Plan, which is comprised of written documents that speak for themselves and are the best evidence of their terms. To the extent that these allegations mischaracterize or misconstrue these documents, they are denied. Prudential denies any remaining allegations in Complaint Paragraph No. 43.

**COMPLAINT ¶44:**

The Plan defines "Regular Occupation" as follows:

*"**Regular Occupation**" means the occupation you are routinely performing when your disability begins. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location."*

**ANSWER:**

The allegations in Complaint Paragraph No. 44 refer to the contents of the Plan, which is comprised of written documents that speak for themselves and are the best evidence of their terms. To the extent that these allegations mischaracterize or misconstrue these documents, they are denied. Prudential denies any remaining allegations in Complaint Paragraph No. 44.

**COMPLAINT ¶45:**

The Plan defines "Gainful Occupation" as follows:

*"**Gainful Occupation**" means an occupation, including self employment, that is or can be expected to provide you with an income within 12 months of your return to work, that exceeds:*

- *80% of your **indexed monthly earnings**, if you are working; or*

-16-

- *60% of your monthly earnings, if you are not working."*

**ANSWER:**

The allegations in Complaint Paragraph No. 45 refer to the contents of the Plan, which is comprised of written documents that speak for themselves and are the best evidence of their terms. To the extent that these allegations mischaracterize or misconstrue these documents, they are denied. Prudential denies any remaining allegations in Complaint Paragraph No. 45.

**COMPLAINT ¶46:**

Long-term disability benefits were granted.

**ANSWER:**

Prudential admits that it approved Plaintiff's claim for LTD benefits under the Plan from May 9, 2022, through May 8, 2024, based on the information then before it. Prudential denies the remaining allegations in Complaint Paragraph No. 46, and specifically denies that Plaintiff was disabled under the Plan as of May 9, 2024.

**COMPLAINT ¶47:**

The Plan provides for monthly benefits of $3,565.12.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 47.

**COMPLAINT ¶48:**

On February 8, 2024, Defendant terminated Plaintiff's long-term disability benefits.

**ANSWER:**

Prudential admits that, by letter dated February 8, 2024, Prudential closed Plaintiff's claim for LTD benefits under the Plan, effective May 9, 2024. Prudential denies the remaining allegations in Complaint Paragraph No. 48.

325480557v.4

**COMPLAINT ¶49:**

Defendant's termination letter said Plaintiff was not totally disabled from performing her own occupation under the Own/Any Occupation definition and allowed Plaintiff 180 days to appeal this decision.

**ANSWER:**

Prudential admits that, by letter dated February 8, 2024, Prudential closed Plaintiff's claim for LTD benefits under the Plan, effective May 9, 2024. The allegations in Complaint Paragraph No. 49 regarding what the "termination letter said" refer to the contents of Prudential's February 8, 2024, letter, which is a written document that speaks for itself and is the best evidence of its terms. To the extent that these allegations mischaracterize or misconstrue this document, they are denied. Prudential denies any remaining allegations in Complaint Paragraph No. 49.

**COMPLAINT ¶50:**

Defendant's termination letter failed to consider Plaintiff's restrictions, limitations, and inability to perform necessary vocational requirements of her own or any occupation related to her medical conditions.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 50.

**COMPLAINT ¶51:**

Defendant's termination letter failed to state what specific information was missing and/or necessary for Plaintiff to perfect her appeal.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 51.

**COMPLAINT ¶52:**

On June 4, 2024, Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

-18-

**ANSWER:**

Prudential admits that, by letter dated March 27, 2024, Plaintiff appealed Prudential's decision to close her LTD claim under the Plan. Prudential denies the remaining allegations in Complaint Paragraph No. 52.

**COMPLAINT ¶53:**

Plaintiff timely perfected her administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

**ANSWER:**

Prudential admits that Plaintiff has exhausted her administrative remedies as to her current claim for LTD benefits under the Plan. Prudential denies the remaining allegations in Complaint Paragraph No. 53.

**COMPLAINT ¶54:**

Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of both her own and any other occupation as defined by the terms of the Plan.

**ANSWER:**

Prudential admits that, in connection with her March 27, 2024 letter, Plaintiff submitted additional information including certain medical records to Prudential. Prudential denies the remaining allegations in Complaint Paragraph No. 54.

**COMPLAINT ¶55:**

Additionally, the Social Security Administration issued a fully favorable decision on Plaintiff's claim for disability benefits under Title II and Title XVI of the Social Security Act, finding that Plaintiff is "disabled" during the relevant time period. Notably, the SSA's definition of disability is significantly more restrictive than Defendant's as SSA requires the claimant to be unable to work in "any occupation in the National Economy."

**ANSWER:**

Prudential lacks knowledge or information sufficient to form a belief as to what Plaintiff believes to be "the relevant time period." Prudential admits that the Social Security

Administration issued a favorable decision regarding Plaintiff's claim for Social Security disability benefits.  The allegations in Complaint Paragraph No. 55 referring to the decision refer to the contents of a written document that speaks for itself. To the extent these allegations mischaracterize or misconstrue this document, they are denied. Prudential denies the remaining allegations in Complaint Paragraph No. 55.

**COMPLAINT ¶56:**

Defendant was provided documentation of the Social Security Administration's finding that Plaintiff is totally disabled under Title II and Title XVI of the Social Security Act.

**ANSWER:**

Prudential admits the allegations in Complaint Paragraph No. 56.

**COMPLAINT ¶57:**

On or about March 29, 2022, Defendant's internal consultant, Amy Cao, M.D. (Dr. Cao), vice president and medical director, physical medicine and rehabilitation, performed a paper review of Plaintiff's claim file.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 57.

**COMPLAINT ¶58:**

On or about May 13, 2022, Dr. Cao performed another paper review of Plaintiff's claim file.

**ANSWER:**

Prudential admits that Dr. Amy Cao, M.D., Vice President and Medical Director with Prudential, board-certified in physical medicine and rehabilitation, performed medical reviews in connection with Plaintiff's claim and provided reports dated May 13, 2022 and September 7, 2022. Prudential denies the remaining allegations in Complaint Paragraph No. 58.

**COMPLAINT ¶59:**

On or about September 7, 2022, Dr. Cao performed another paper review of Plaintiff's claim file,

-20-

325480557v.4

**ANSWER:**

Prudential admits that Dr. Amy Cao, M.D., Vice President and Medical Director with

Prudential, board-certified in physical medicine and rehabilitation, performed medical reviews in

connection with Plaintiff's claim and provided reports dated May 13, 2022 and September 7,

2022. Prudential denies the remaining allegations in Complaint Paragraph No. 59.

**COMPLAINT ¶60:**

On or about September 26, 2022, Defendant's paid consultant, Mark L. Leekoff, M.D.
(Dr. Leekoff), neurology, performed a peer review of Plaintiff's claim file.

**ANSWER:**

Prudential admits that Mark L. Leekoff, M.D. ("Dr. Leekoff"), board-certified in

neurology, performed an independent medical review in connection with Plaintiff's claim and

provided a report dated September 15, 2022. Prudential admits that Dr. Leekoff provided an

addendum report dated September 26, 2022. Prudential denies the remaining allegations in

Complaint Paragraph No. 60.

**COMPLAINT ¶61:**

On or about January 24, 2023, Defendant's internal consultant, Elana Mendelssohn-Gara,
Psy.D. (Dr. Mendelssohn-Gara), vice-president and medical director, clinical psychology and
neuropsychology, performed a paper review of Plaintiff's claim file.

**ANSWER:**

Prudential admits that Dr. Elana Mendelssohn-Gara, Psy.D., Vice President and Medical

Director with Prudential, board-certified in clinical psychology and neuropsychology ("Dr.

Mendelssohn-Gara"), performed medical reviews in connection with Plaintiff's claim and

provided reports dated November 2, 2022, and January 24, 2023. Prudential denies the remaining

allegations in Complaint Paragraph No. 61.

325480557v.4

**COMPLAINT ¶62:**

On or about February 3, 2023, Dr. Leekoff performed another peer review of Plaintiff's claim file.

**ANSWER:**

Prudential admits that Dr. Leekoff performed an independent medical review in connection with Plaintiff's claim and provided an addendum report dated February 3, 2023. Prudential denies the remaining allegations in Complaint Paragraph No. 62.

**COMPLAINT ¶63:**

On or about July 19, 2023, Dr. Leekoff performed another peer review of Plaintiff's claim file.

**ANSWER:**

Prudential admits that Dr. Leekoff performed an independent medical review in connection with Plaintiff's claim and provided an addendum report dated July 26, 2023. Prudential denies the remaining allegations in Complaint Paragraph No. 63.

**COMPLAINT ¶64:**

On or about December 21, 2023, Dr. Leekoff performed another peer review of Plaintiff's claim file.

**ANSWER:**

Prudential admits that Dr. Leekoff performed an independent medical review in connection with Plaintiff's claim and provided an addendum report dated December 21, 2023. Prudential denies the remaining allegations in Complaint Paragraph No. 64.

**COMPLAINT ¶65:**

On or about January 4, 2024, Defendant's paid consultant, Scott Epstein, M.D., physical medicine and rehabilitation, performed a peer review of Plaintiff's claim file.

-22-

**ANSWER:**

Prudential admits that Scott Epstein, M.D. ("Dr. Epstein"), board-certified in physical medicine and rehabilitation, performed an independent medical review in connection with Plaintiff's claim and provided a report dated January 4, 2024. Prudential denies the remaining allegations in Complaint Paragraph No. 65.

**COMPLAINT ¶66:**

On or about January 16, 2024, Dr. Mendelssohn-Gara performed another paper review of Plaintiff's claim file.

**ANSWER:**

Prudential admits that Dr. Mendelssohn-Gara performed a medical review in connection with Plaintiff's claim and provided a report dated January 16, 2024. Prudential denies the remaining allegations in Complaint Paragraph No. 66.

**COMPLAINT ¶67:**

On or about January 22, 2024, Defendant's internal consultant, Jamie Donaldson, MS, CRC, CVE, ADAC (Ms. Donaldson), vocational rehabilitation specialist, performed a paper review of Plaintiff's claim file.

**ANSWER:**

Prudential admits that Jaime Donaldson, MS, CRC, CVE, Vocational Rehabilitation Specialist ("Ms. Donaldson"), reviewed Plaintiff's claim and provided a report dated January 22, 2024. Prudential denies the remaining allegations in Complaint Paragraph No. 67.

**COMPLAINT ¶68:**

On or about January 31, 2024, Ms. Donaldson performed another paper review of Plaintiff's claim file.

325480557v.4

**ANSWER:**

Prudential admits that Ms. Donaldson reviewed Plaintiff's claim and provided a report dated January 31, 2024. Prudential denies the remaining allegations in Complaint Paragraph No. 68.

**COMPLAINT ¶69:**

On or about June 30, 2024, Defendant's internal consultant, Karen M. Wardlaw, M.D., MPH, FACP, FACOEM, vice president and medical director (Dr. Wardlaw), occupational medicine and environmental medicine, performed a paper review of Plaintiff's claim file.

**ANSWER:**

Prudential admits that Dr. Karen Wardlaw, M.D., MPH, FACP, FACOEM, Vice President and Medical Director with Prudential, board-certified in occupational and environmental medicine, performed a medical review in connection with Plaintiff's claim and provided a report dated June 20, 2024. Prudential denies the remaining allegations in Complaint Paragraph No. 69.

**COMPLAINT ¶70:**

On or about July 10, 2024, Defendant's internal consultant, Karin Gibson, MS, CRC, REAS, vocational specialist, performed a paper review of Plaintiff's claim file.

**ANSWER:**

Prudential admits that Karin Gibson, MS, CRC, REAS, Vocational Specialist, reviewed Plaintiff's claim and provided a report dated July 10, 2024. Prudential denies the remaining allegations in Complaint Paragraph No. 70.

**COMPLAINT ¶71:**

Defendant's peer reviews of Plaintiff's file are unreliable and unreasonable as a basis for denial because:

    a.    The reviewers' opinions were infected by conflict and bias;

    b.    The reviewers' conclusions lack foundation and are conclusory;

c.      The reviewers failed to consider the degenerative nature of Plaintiff's condition(s) and the lack of significant improvement;

d.      The reviewers lacked appropriate qualifications to comment on Plaintiff's conditions;

e.      The reviewers never examined Plaintiff in-person, which is particularly relevant, given the complexity of Plaintiff's conditions and treatment;

f.      The reviewers failed to consider all relevant information, including Plaintiff's relevant own occupational demands;

g.      The reviewers failed to acknowledge that medications neither effectively resolved her pain nor were appropriate for long-term treatment of Plaintiff;

h.      The reviewers based their opinions on summary reports of other underqualified opinions; and

i.      The reviewers' conclusions were inconsistent with the weight of the evidence.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 71.

**COMPLAINT ¶72:**

There is an indication that a "Ronald J. Rapoport, M.D.," rheumatology, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 72.

**COMPLAINT ¶73:**

There is an indication that a "Maria Betonio, RN," reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 73.

**COMPLAINT ¶74:**

Defendant's consultants completed their reports without examining Plaintiff.

325480557v.4

**ANSWER:**

Prudential admits that the medical reviewers who completed reviews in connection with Plaintiff's claim did not physically examine Plaintiff. Prudential denies the remaining allegations in Complaint Paragraph No. 74.

**COMPLAINT ¶75:**

On May 1, 2024, Defendant paid its expert, Sidney Dickson, Ph.D., ABPP (Dr. Dickson), psychology and clinical neuropsychology, to conduct a defense medical examination "DME" on Plaintiff.

**ANSWER:**

Prudential admits that Sidney Dickson, Ph.D., ABPP ("Dr. Dickson"), board-certified in psychology and clinical neuropsychology, performed an independent neuropsychological examination of Plaintiff on May 1, 2024 and provided a report dated May 28, 2024. Prudential denies the remaining allegations in Complaint Paragraph No. 75.

**COMPLAINT ¶76:**

This examination was unreliable and not "independent" as evidenced by:

a.    Dr. Dickson's opinion was infected by conflict and bias;

b.    Dr. Dickson's conclusions lack foundation and are conclusory;

c.    Dr. Dickson failed to consider the degenerative nature of Plaintiff's condition(s) and the lack of significant improvement;

d.    Dr. Dickson lacked appropriate qualifications to comment on Plaintiff's conditions;

e.    Dr. Dickson failed to spend an adequate amount of time examining Plaintiff, which is particularly relevant, given the complexity of Plaintiff's conditions and treatment;

f.    Dr. Dickson failed to consider all relevant information, including Plaintiff's relevant own occupational demands;

g.    Dr. Dickson failed to acknowledge that medications neither effectively resolved her pain nor were appropriate for long-term treatment of Plaintiff;

h.  Dr. Dickson based his opinion on summary reports of other underqualified opinions; and

i.  Dr. Dickson's conclusions were inconsistent with the weight of the evidence.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 76.

**COMPLAINT ¶77:**

Defendant notified Plaintiff that Defendant upheld its original decision to terminate Plaintiff's claim for long-term disability benefits.

**ANSWER:**

Prudential admits that, by letter dated August 5, 2024, Prudential upheld its decision to close Plaintiff's LTD claim under the Plan on Plaintiff's first appeal. Prudential further admits that, by letter dated May 5, 2025, it upheld its decision to close Plaintiff's LTD claim under the Plan on Plaintiff's second appeal. Prudential denies the remaining allegations in Complaint Paragraph No. 77.

**COMPLAINT ¶78:**

Defendant also notified Plaintiff that Plaintiff had exhausted her administrative remedies.

**ANSWER:**

The allegations in Complaint Paragraph No. 78 refer to Prudential's May 5, 2025 letter, which is a written document that speaks for itself and is the best evidence of its terms. To the extent that these allegations mischaracterize or misconstrue this document, they are denied. Prudential denies the remaining

**COMPLAINT ¶79:**

Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

-27-

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 79.

**COMPLAINT ¶80:**

The Plan gave Defendant the right to have Plaintiff submit to a physical examination at the appeal level.

**ANSWER:**

The allegations in Complaint Paragraph No. 80 refer to the Plan, which is comprised of written documents that speak for themselves and are the best evidence of their contents. To the extent the allegations in Complaint Paragraph No. 80 mischaracterize or are inconsistent with those documents, they are denied. Prudential denies the remaining allegations in Complaint Paragraph No. 80.

**COMPLAINT ¶81:**

A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 81.

**COMPLAINT ¶82:**

More information promotes accurate claims assessment.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 82.

**COMPLAINT ¶83:**

Plaintiff has now exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

325480557v.4

**ANSWER:**

Prudential admits that Plaintiff has exhausted her administrative remedies as to her

current claim for LTD benefits under the Plan. Prudential denies the remaining allegations in

Complaint Paragraph No. 83.

## MEDICAL FACTS

**COMPLAINT ¶84:**

Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 84.

**COMPLAINT ¶85:**

Plaintiff suffers from post-concussion syndrome; traumatic brain injury (TBI); seizures; tremors in the right arm; induced psychosis; instability while walking; dizziness; blackouts; forgetfulness; depression; vision issues; memory and speech issues; emotional liability; visual and auditory hallucinations; and sensitivity to light and sound.

**ANSWER:**

Prudential admits that Plaintiff purports to suffer from post-concussion syndrome;

traumatic brain injury (TBI); seizures; tremors in the right arm; induced psychosis; instability

while walking; dizziness; blackouts; forgetfulness; depression; vision issues; memory and speech

issues; emotional liability; visual and auditory hallucinations; and sensitivity to light and sound.

Prudential denies the remaining allegations in Complaint Paragraph No. 85, and specifically

denies that Plaintiff is disabled under the Plan.

**COMPLAINT ¶86:**

Treating physicians document continued chronic pain, radicular symptoms, as well as decreased range of motion and weakness.

-29-

**ANSWER:**

The allegations in Complaint Paragraph No. 86 refer to medical records in the administrative record, which are the best evidence of their contents. To the extent these allegations are inconsistent with or mischaracterize those documents, they are denied. Prudential denies any remaining allegations in Complaint Paragraph No. 86, and specifically denies that Plaintiff is disabled under the terms of the Plan.

**COMPLAINT ¶87:**

Plaintiff's treating physicians have opined that Plaintiff is unable to work.

**ANSWER:**

The allegations in Complaint Paragraph No. 87 refer to statements in the administrative record, which are the best evidence of their contents. To the extent these allegations are inconsistent with or mischaracterize those documents, they are denied. Prudential denies any remaining allegations in Complaint Paragraph No. 87, and specifically denies that Plaintiff is disabled under the Plan.

**COMPLAINT ¶88:**

Plaintiff's treating physicians disagree with Defendant's hired peer reviewers.

**ANSWER:**

The allegations in Complaint Paragraph No. 88 refer to statements in the administrative record, which are the best evidence of their contents. To the extent these allegations are inconsistent with or mischaracterize those documents, they are denied. Prudential denies any remaining allegations in Complaint Paragraph No. 88, and specifically denies that Plaintiff is disabled under the Plan.

325480557v.4

**COMPLAINT ¶89:**

Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed her ability to engage in any form of exertional activity.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 89, and specifically denies

that Plaintiff is disabled under the Plan.

**COMPLAINT ¶90:**

Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address her multiple symptoms.

**ANSWER:**

Prudential admits that Plaintiff's medical records indicate that she has, at times, been

prescribed certain medications. The remaining allegations in Complaint Paragraph No. 90 refer

to documents in the administrative record, which are the best evidence of their contents. To the

extent these allegations mischaracterize or are inconsistent with those documents, they are

denied.

**COMPLAINT ¶91:**

However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 91.

**COMPLAINT ¶92:**

Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full-time basis, for an 8-hour day, day after day, week after week, month after month.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 92.

-31-

**COMPLAINT ¶93:**

Plaintiff's medications cause additional side-effects in the form of sedation and cognitive difficulties.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 93.

**COMPLAINT ¶94:**

The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 94.

**COMPLAINT ¶95:**

As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 95.

**COMPLAINT ¶96:**

However, after exhausting her administrative remedies, Defendant persists in denying Plaintiff her rightfully owed disability benefits.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 96.

**DEFENDANT'S CONFLICT OF INTEREST**

**COMPLAINT ¶97:**

At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 97.

325480557v.4

**COMPLAINT ¶98:**

Defendant's determination was influenced by its conflict of interest.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 98.

**COMPLAINT ¶99:**

Defendant's reviewing experts are not impartial.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 99.

**COMPLAINT ¶100:**

Upon information and belief, Defendant's peer reviewers have conducted reviews in connection with numerous other individuals insured by Defendant.

**ANSWER:**

Prudential lacks knowledge or information sufficient to form a belief as to what Plaintiff means by "in connection with" and "numerous other individuals." Upon information and belief, Prudential admits that the third-party peer reviewer may have reviewed files of other claimants. Prudential denies the remaining allegations in Complaint Paragraph No. 100, including the assertion that Prudential engaged in any wrongdoing.

**COMPLAINT ¶101:**

Defendant knows, or has reason to know, that its in-house medical consultants and the medical consultants hired and/or retained to complete file reviews serve only insurance companies and never individual claimants.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 101.

**COMPLAINT ¶102:**

Upon information and belief, Defendant pays substantial sums of money to its medical consultants, whether in-house or independent contractors, to conduct reviews for claimants under Defendant's Plan(s).

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 102.

**COMPLAINT ¶103:**

Upon information and belief, Defendant's reviewing experts receive financial incentive to proffer opinions aiding in Defendant's denial of claims.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 103.

**COMPLAINT ¶104:**

Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 104.

## COUNT I: WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

**COMPLAINT ¶105:**

Plaintiff incorporates those allegations contained in paragraphs 1 through 104 as though set forth at length herein.

**ANSWER:**

Prudential incorporates herein by reference its answers to Complaint Paragraphs Nos. 1 through 104 as though fully set forth herein.

**COMPLAINT ¶106:**

Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

a.   Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow;

b.   Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

-34-

     c.     Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious; and

     d.     Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 106.

**COUNT II: ATTORNEY FEES AND COSTS**

**COMPLAINT ¶107:**

Plaintiff repeats and realleges the allegations of paragraphs 1 through 106 above.

**ANSWER:**

Prudential incorporates herein by reference its answers to Complaint Paragraphs Nos. 1

through 106 as though fully set forth herein.

**COMPLAINT ¶108:**

By reason of the Defendant's failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

**ANSWER:**

Prudential denies the allegations in Complaint Paragraph No. 108.

**Prayer for Relief**

WHEREFORE, Plaintiff demands judgment for the following:

     A.     Grant Plaintiff declaratory relief, finding that she is entitled to all past due long-term disability benefits yet unpaid;

     B.     Order Defendant to pay past due long-term disability benefits retroactive through the present in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan, plus pre-judgment interest;

     C.     Order Defendant to remand claim for future administrative review and continue to make future long-term disability benefits in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan until such time as Defendant makes an adverse

325480557v.4

determination of long-term disability consistent with ERISA and Plaintiff's entitlements under the Plan;

D.    Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

E.    For such other relief as may be deemed just and proper by the Court.

**ANSWER:**

The foregoing paragraph constitutes Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Prudential denies any allegations contained therein and specifically denies that Plaintiff is entitled to any relief whatsoever.

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

Without prejudice to its denials and other statements of its pleadings, Prudential alleges the following affirmative and additional defenses:

1.    The decision to deny Plaintiff's claim for benefits should be reviewed under the abuse of discretion or arbitrary and capricious standard.

2.    The Court's review should be limited to examination of the administrative record created during the processing of Plaintiff's claim.

3.    Plaintiff's claim, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and law.

4.    Any benefits due are subject to offset, integration, or other deduction or adjustments in accordance with the Plan's terms.

5.    There is no vesting of benefits under the Plan, and thus Plaintiff may not recover benefits for a future period of disability, but rather must provide periodic proof of any alleged continuing disability.

6.    Plaintiff seeks benefits that are not provided under the Plan.

325480557v.4

7.    Plaintiff's claim is barred by the terms, conditions, limitations and exclusions contained in the Plan.

8.    To the extent Plaintiff has pleaded a breach of fiduciary duty claim, that claim is barred because it is improperly duplicative of her claim for benefits.

9.    To the extent Plaintiff brings equitable claims or seeks equitable relief, such claims are barred as duplicative of the claim for benefits and thus do not seek "appropriate" relief within the meaning of ERISA.

10.    To the extent Plaintiff brings a claim for life insurance waiver of premium ("WOP") benefits, it is barred because Plaintiff failed to submit a WOP claim to Prudential and did not exhaust administrative remedies as to any claim for WOP benefits.

11.    To the extent Plaintiff brings a claim for STD benefits, it is barred because Plaintiff has received the maximum STD benefits allowed under the Plan.

12.    Plaintiff is judicially estopped from bringing her claim for benefits under the plan because she failed to disclose her claim for LTD benefits and lawsuit for LTD benefits to the Bankruptcy Court in her Chapter 13 bankruptcy proceeding, Case No. 25-40957-mxm13, filed in the United States Bankruptcy Court of the Northern District of Texas.

13.    Plaintiff lacks standing to pursue her claims, because such claims can only be pursued by the trustee of her bankruptcy proceeding.

14.    Any benefits due are subject to reduction or offset in the amount of any benefit overpayments Plaintiff received.

15.    Based on the terms of the Plan, and a Reimbursement Agreement executed by Plaintiff on May 3, 2022, Prudential is entitled to recover or offset from any award the amount of

325480557v.4

the overpayment to Plaintiff of $36,004.47, due to her receipt of LTD benefits that were not reduced for the Social Security Disability Benefits that Plaintiff received.

Prudential reserves its right to amend the answer and to assert any additional affirmative and other defenses as may become available or apparent at a future date.

WHEREFORE, Prudential denies that Plaintiff is entitled to the relief requested or any relief whatsoever and respectfully submits that the Complaint should be dismissed with prejudice and that Prudential should be awarded its costs and attorneys' fees and any other relief that the Court deems just and proper.

325480557v.4

DATED:  June 25, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Erin A. Murray*

    Erin A. Murray
    Texas Bar No. 24109538
    emurray@seyfarth.com
    SEYFARTH SHAW LLP
    2323 Ross Ave.
    Suite 1660
    Dallas, Texas  75201
    Telephone:  (469) 608-6700
    Facsimile:  (713) 225-2340

    Ian H. Morrison (*pro hac vice* pending)
    imorrison@seyfarth.com
    Shelley R. Hebert (*pro hac vice* pending)
    shebert@seyfarth.com
    SEYFARTH SHAW LLP
    233 S. Wacker Drive
    Suite 8000
    Chicago, IL 60606-6448
    Telephone:  (312) 460-5000
    Facsimile:  (312) 460-7000

    Attorneys for Defendant
    THE PRUDENTIAL INSURANCE
    COMPANY OF AMERICA

325480557v.4

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Answer and Affirmative and Additional Defenses to Plaintiff's Complaint** was served on Plaintiff, as listed below, via the Court's ECF system on June 25, 2026.

Selina Valdez
Erin Svetlik
MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW L.L.P.
403 Heights Boulevard
Houston, Texas 77007
Phone:  713-228-8888
Fax:  713-225-0940
Email:  selina@marcwhitehead.com
        erin@marcwhitehead.com

/s/ Erin A. Murray
Erin A. Murray

325480557v.4